13-3208-ag
*DeCeron v. Lynch*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand and sixteen.

Present:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges*.

---

AMBAR MARGARITA ZELAYA DE CERON,
JOSUE NEFTALI CERON-HERRARA,
JOSUE GILBERTO CERON-ZELAYA,

> *Petitioners,*

v.                                                                          No. 13-3208-ag

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

---

| | |
|---|---|
| For Petitioners: | HEATHER YVONNE AXFORD, Esq., Central American Legal Assistance, Brooklyn, NY. |
| For Respondent: | PAUL FIORINO, Senior Litigation Counsel; Derek C. Julius, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C. |

---

1

**UPON DUE CONSIDERATION**, of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Ambar Margarita Zelaya de Ceron, Josue Neftali Ceron-Herrara, and Josue Gilberto Ceron-Zelaya, natives and citizens of El Salvador, seek review of an August 7, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") July 9, 2012, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ambar Margarita Zelaya-De Ceron, et al.*, Nos. A200 818 322/321/323 (B.I.A. Aug. 7, 2013), *aff'g* Nos. A200 818 322/321/323 (Immig. Ct. N.Y. City Jul. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision, *i.e.* minus the IJ's particular social group determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The sole issue on appeal is whether substantial evidence supports the agency's determination that the Petitioners failed to show that the Salvadoran government is unable or unwilling to control gang violence, specifically at the hands of the Mara Salvatrucha ("MS gang"). *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (noting that "persecution can certainly be found when the government, although not itself conducting the persecution, is unable or unwilling to control it").

The agency cited two newspaper articles in support of its determination that the Salvadoran police were able to control the MS gang. The articles showed that police hoped to

2

view surveillance videos that might reveal the identities of the men who murdered a local business owner and that police invited the public to report crimes. The Petitioners argue that the agency cherry picked these statements from the articles, ignoring other evidence in the record showing that the police had little control. We agree. One of the cited articles does not discuss the MS gang—or any gang, for that matter—and police review of surveillance videos does not equate to a police force that is able to control gang violence. The same article quotes business owners, stating that authorities provided "little security" and that they lacked trust in the police and planned to implement their own security measures. Certified Administrative Record ("CAR") at 274. The second article surmises that a murder was gang-related and concludes with a statement from a police officer inviting the public to report crimes. These articles are insufficient to establish that the police are able to effectively control gang violence. This is especially true in the face of Zelaya de Ceron's credible testimony and the country conditions reports in the record.

We find it troubling that the agency decisions do not cite to the country conditions reports considering the reports support Petitioners' claim that the Salvadoran police are unable to control gangs. *See Yan Chen v. Gonzales*, 417 F.3d 268, 273 (2d Cir. 2005). For example, a 2007 report by the Strategic Studies Institute states that: "there were not enough properly trained [police] personnel . . . to manage the gang problem," and, although "the Salvadoran government has not raised the level of the gang threat to the level of a threat to national security . . . [,] from time to time since 2005, Army troops have been deployed to help the police patrol the streets." CAR at 302–03. The report goes on to state that gangs "control larger and larger parts of 'turf' within the El Salvadoran national territory and effectively exercise their own sovereignty over the people in it." *Id*. at 303. Likewise, the State Department's 2010 Country Report on Human

Rights Practices for El Salvador, states: "Inadequate training, insufficient government funding, lack of a uniform code of evidence, and isolated instances of corruption and outright criminality interfered with the PNC's effectiveness." *Id.* at 345. These reports undermine the agency's finding that the Salvadoran police can control gang violence.

Nor is the fact that Zelaya de Ceron could make a report to police sufficient to support the agency's finding. In denying relief, the agency relied on the fact that Zelaya de Ceron's aunt complained to police about the MS gang's threat to her son. The record reflects, however, that the police advised Zelaya de Ceron's aunt to move and change her telephone number because gang cases were difficult to solve and they received a large quantity of gang-related complaints. The police then lost the report. This evidence does nothing to support the agency's conclusion that police are able and willing to respond to gang violence.

The record as a whole does not support the agency's conclusion that the Salvadoran police are able and willing to control the MS gang. The BIA affirmed the IJ's decision only on this basis, without addressing the IJ's alternative finding that the Petitioners did not show that any fear was linked to a protected ground. Because the BIA did not address whether there was a cognizable social group, we remand for further proceedings.

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK

4